UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARLOS L. JENKINS,  
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:19-cv-914

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 murder conviction in the Lawrence County Court of Common Pleas Case No. 04-CR-241. (Doc. 1). This matter is before the Court on respondent's motion to transfer the petition to the Sixth Circuit (Doc. 13), to which petitioner has not responded.

For the reasons below, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

A.  BACKGROUND

Petitioner challenges his January 27, 2005 murder conviction in the Lawrence County Court of Common Pleas Case No. 04-CR-241. (Doc. 1 at PageID 1). Petitioner raises the following two grounds for relief in the petition:

**GROUND ONE**: Due process and equal protection

**Supporting Facts**: Contrary to the legislature the trial court sentenced Petitioner to the added punishment of post-release control on an unclassified charge of murder. Instead of explaining parole at sentencing, the court "misinformed" petitioner of the sanctions of post-release control.

**GROUND TWO**: Ineffective assistance of counsel

> **Supporting Facts**: Court-appointed counsel, David Dillon, advised Petitioner to reject a lesser stipulated plea of 13 years and failed to object to multiple sentencing errors. Moreover, the court-appointed counsel was appointed again on appeal.

(Doc. 1).

This is not the first habeas petition filed by petitioner challenging the judgment in Case No. 04-CR-241. On February 27, 2008, through counsel, petitioner filed his first habeas petition in *Jenkins v. Warden,* No. 1:08-cv-142 (S.D. Ohio Feb. 27, 2008) (Dlott, J.; Bowman, M.J.), raising the following four grounds for relief:

> **GROUND ONE**: Petitioner was denied due process when the state trial court denied him the right to present evidence that another person with motive and opportunity had spontaneously confessed to a friend that she had committed the murder that Petitioner was accused of committing.
>
> **GROUND TWO**: Petitioner was denied effective assistance of counsel and due process of law when trial counsel could not present evidence that another person with motive and opportunity had spontaneously confessed to committing the offense charged against Petitioner because of trial counsel's inability to comply with the relevant evidence rule. Additionally, trial counsel failed to object to prosecutorial misconduct, failed to make a record of an attempt to obtain a stipulation related to the misconduct and failed to object to Petitioner being visibly shackled throughout trial.
>
> **GROUND THREE**: Petitioner was denied due process when he was tried by a jury while shackled during trial. Additionally, while shackled, Petitioner had to approach the jury and remove his clothing to rebut inflammatory evidence introduced by the state.
>
> **GROUND FOUR**: Petitioner was denied effective assistance of appellate counsel when appellate counsel, who had also served as trial counsel, failed to raise trial counsel's ineffective assistance as reversible error…. Additionally, appellate counsel failed to raise Petitioner's shackling throughout trial as reversible error….

(*See* Doc. 11, Ex. 22). On September 25, 2009, this Court issued an Order and Judgment staying the case pending exhaustion of petitioner's Ohio remedies. (Doc. 11, Ex. 24). The stay was

2

conditioned on petitioner's filing a delayed petition for post-conviction relief in the Lawrence County Court of Common Pleas within thirty days of the Order and filing a motion to reinstate the petition on the Court's active docket within thirty days of fully exhausting the state post-conviction remedy through the requisite levels of state appellate review. On May 18, 2012 the Court dismissed the case with prejudice for lack of prosecution. (Doc. 11, Ex. 26-27).

## B. ANALYSIS

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (A) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B)(i) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (ii) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C.

3

§ 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"[N]ot all second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 994 (2007)). The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein).[1] "Where a new judgment intervenes between the two petitions, such as would occur with a resentencing following an appellate remand, the later petition challenging the new judgment, at least as far as it concerns the resentencing, is not a second or successive petition requiring approval from the appeals court." *Picard v. Gray*, No. 1:18-cv-1672, 2018 WL 7888550, at *2 (N.D. Ohio Sept. 28, 2018) (Report and

---

[1] However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645. Specifically, courts have held that a later petition is not successive where the first petition was dismissed as premature, *see Stewart*, 523 U.S. at 645; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416, 420 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart*, 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals because the prior dispositions were not "on the merits." *See Slack*, 529 U.S. at 485-86; *Carlson*, 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2d Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

Recommendation) (citing *Magwood v. Patterson*, 561 U.S. 320, 321 (2010)), *adopted*, 2019 WL 1409548 (N.D. Ohio Mar. 28, 2019).

In this case, the undersigned concludes that the petition is "successive" within the meaning of § 2244(b). As noted above, this is the second petition filed by petitioner challenging his 2005 Lawrence County murder conviction and petitioner is not contesting any "new judgment," such as a new sentence imposed on resentencing, that occurred between the habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). Petitioner's first petition was dismissed with prejudice for lack of prosecution, pursuant to Fed. R. Civ. P. 41(b). (Doc. 11, Ex. 26-27). "It is well settled that habeas corpus petitions submitted subsequent to a dismissal of a previous petition with prejudice for lack of prosecution will be considered successive." *Fishburne v. McCall*, No. 8:13-2453-TMC, 2013 WL 5797673, at *1 (D.S.C. Oct. 28, 2013). *See also Magee v. Kent*, No. 19-9487, 2019 WL 5430593, at *3 (E.D. La. Sept. 5, 2019) (Report and Recommendation), *adopted*, 2019 WL 5425482 (E.D. La. Oct. 23, 2019) ("the lower federal courts have consistently concluded that a dismissal with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b) constitutes a dismissal on the merits for purposes of the AEDPA successiveness bar") (collecting cases); *Freer v. Thurmer*, No. 08-cv-0135, 2008 WL 2512847, at *2 (W.D. Wis. June 20, 2008) (noting that the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) held that dismissal under Rule 41(b) operates as an adjudication on the merits, in finding that dismissal of a prior petition for failure to prosecute results in a subsequent petition being successive).

Accordingly, the undersigned concludes that petitioner's petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition

5

was adjudicated on the merits and petitioner is not contesting any "new judgment" in this proceeding. To the extent that petitioner's claims were raised in his prior petition, they are successive. *See* 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to posit a new claim that was not asserted in his prior petition, the claim is still successive under 28 U.S.C. § 2244(b)(2) because (1) petitioner has not shown it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual basis for the claim could not have been discovered previously through the exercise of due diligence, **and** such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.

Because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a successive habeas petition, within the meaning of 28 U.S.C. § 2244(b), the petition be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CARLOS L. JENKINS,<br>     Petitioner,<br><br>     vs.<br><br>WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>     Respondent. | Case No. 1:19-cv-914<br><br>Cole, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8